IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **NICHOLAS PHILIP YUKICK, III, and JANEL RENEE STEWART-YUKICK,** ) ) ) | |
| **Plaintiffs,** ) ) ) | |
| v. ) ) | Case No. CIV-24-87-JFH-GLJ |
| **GENTNER DRUMMOND, KENNY ROGERS, and ROBERT FAGNANT,** ) ) ) ) ) | |
| **Defendants.** ) | |

### REPORT AND RECOMMENDATION

On March 12, 2024, Plaintiffs Nicholas Philip Yukich, III, and Janel Renee Stewart-Yukich brought this civil action against Oklahoma Attorney General Gentner Drummond, Oklahoma A.G. Investigator Kenny Rogers, and State Securities Commission attorney Robert Fagnant [Docket No. 1-2]. Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs had until Monday, June 10, 2024, to serve Defendants. Plaintiffs failed to timely serve Defendants, so the undersigned Magistrate Judge entered a show cause order on June 20, 2024, directing Plaintiffs to show cause as to why the case should not be dismissed for failure to prosecute [Docket No. 6]. Plaintiffs' Response appeared to indicate that they served Defendants on July 3, 2024, with attached photographs including a picture of a U.S. Postal Service receipt on top of a copy of the complaint, as well as a photograph of three priority mail envelopes. *See* Docket No. 7, pp. 3-4. In addition to being untimely and not in conformance with the requirements of Fed. R. Civ. P. 4 requiring a summons signed by Clerk and bearing the

Clerk's seal, Plaintiffs' Response also appeared to include two motions for various avenues of relief, in violation of Loc. Civ. R. 7.1(b) ("Each motion, application, or objection field shall be a separate pleading, except where alternative pleading is allowed by law or these Rules."). Based on Plaintiffs' Response, the undersigned Magistrate Judge found that Plaintiffs failed to show good cause for their failure to serve Defendants within the time limit prescribed by Fed. R. Civ. P. 4(m), but nevertheless granted a permissive extension of thirty day, to August 8, 2024, to properly serve Defendants [Docket No. 8]. On August 6, 2024, Plaintiffs filed three "Affidavits of Process Server," which appear to indicate that copies of one or more documents were left at the Office of Attorney General in Oklahoma City, Oklahoma. *See* Docket Nos. 9-11. At no point have Plaintiffs obtained summons signed by the Court Clerk and bearing the Court's seal. *See* Fed. R. Civ. P. 4(a)(1)(F)-(G).

The record therefore reflects that Plaintiffs have not properly served any of the three Defendants in this case in accordance with Fed. R. Civ. P. 4. The requirements for accomplishing service of process on "[a] state, a municipal corporation, or any other state-created governmental organization" like the Attorney General of Oklahoma are set forth in Federal Rule of Civil Procedure 4(j)(2). Rule 4(j)(2) provides that such a state-created governmental organization "must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Rule 4(e) sets for the requirements for serving an individual within a judicial district of the United States, and similarly requires service of a summons along with the complaint by one of the methods described in the rule.

Under all methods of service described in Rule 4, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(2). The docket in this case reflects that no summonses have been issued. Service of the complaint alone is insufficient to effect service of process under Rule 4. Although pro se litigants like Plaintiffs are held to less stringent standards than lawyers, pro se litigants are still required to follow the same rules of procedure that govern other litigants. *See, e.g.*, "'This court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted)). Because Plaintiffs have not accomplished service of process on the Defendants in compliance with the Rule 4 of the Federal Rules of Civil Procedure, the Court '*must dismiss* the action without prejudice against the defendant or order that service be made within a specified time' sua sponte if the plaintiff fails to serve the defendant within the required time." *Manzanares v. Reyes*, 2016 WL 6871486, at *1 (D. Utah Feb. 2, 2016) (quoting Fed. R. Civ. P. 4(m)) (emphasis added), *report and recommendation adopted*, 2016 WL 6871488 (D. Utah Mar. 7, 2016); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 & n.3 (10th Cir. 2003) ("Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails 'to comply with [the Federal Rules of Civil Procedure] or any order of court.' . . . [T]he Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–

31 (1962)). Rule 4(m) requires notice to Plaintiffs prior to dismissal, and this Report and Recommendation serves as Plaintiffs' second notice prior to dismissal.

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be dismissed without prejudice. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 20th day of August, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**